STEAGALL, Justice
(dissenting):
I respectfully dissent. The majority holds that the interest reserved by the grantors vested as of the date of the deed because the property interest was not contingent upon any event. I disagree.
The deed contains a “reservation.” “A ‘reservation’ is the term applicable when the instrument transfers all that the grant- or had but recreates in him some specified interest with respect to the land transferred.” Earle v. International Paper Co., 429 So.2d 989, 992 (Ala.1983), quoting 6A R. Powell, Law of Beal Property, § 887[5] (Rohan rev. 1982). Thus, the deed should be viewed as though Mutual Land Development had conveyed all of its interest to Alabama Power and Alabama Power had then conveyed to Mutual Land Development the right to convey to the State of Alabama an easement across the land conveyed to Alabama Power, should the State of Alabama condemn the land for Interstate 759. Mutual Land Development’s right to convey to the State is contingent upon the State’s condemnation of the land for Interstate 759. Therefore, the interest held by Mutual Land Development is classified as a springing executory interest. A springing executory interest is one which will, if it vests, divest or cut short the present interest upon the occurrence of a stated event, before its normal expiration, in favor of another interest in a person other than the grantor or his successors in interest.
Given the definition of a reservation and a springing executory interest, Alabama Power acted as the “grantor” of the right reserved by Mutual Land Development. If Mutual Land Development’s interest had been certain to vest within the prescribed period, the reservation would be effective, and the right to grant the easement to the State would “spring” from Alabama Power to Mutual Land Development.
However, that did not happen. Since there is no “life in being” in this case by which the interest may be measured, the event on which vesting hinges is the construction of Interstate 759. To meet the *471 requirement of the rule, Mutual Land Development’s interest must vest within 21 years after the creation of the interest— May 30, 1963. See Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800 (1945). That means there must not have been any possibility that the condemnation in question would take place later than May 30, 1984. Certainly, on May 30, 1963, there did exist a possibility that the proposed interstate highway would not be under construction within 21 years. Consequently, I would hold that Mutual Land Development’s interest fails, and that Alabama Power remains the owner in fee.
Therefore, I would reverse and remand for the proceeds of the condemnation to be distributed to Alabama Power.
BEATTY and ADAMS, JJ., concur.